IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SORAHAIDA MANLAPAZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 6524 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| UNIFUND CCR PARTNERS, CREDIT CARD ) | |
| RECEIVABLES FUND, INC., and ZB ) | |
| LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In her complaint, Plaintiff Sorahaida Manlapaz alleges that Defendant Unifund CCR Partners ("Unifund") filed a collection action against her in state court for a purported debt that it did not own. Unifund allegedly attached two documents to that complaint that Manlapaz claims are false or contain false representations. On the basis of these facts, Manlapaz claims that Unifund violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Collection Agency Act (the "ICAA"), 225 ILCS 425/1 *et seq.* She claims that the remaining defendants are liable as general partners of Unifund. Defendants now move to dismiss Count I of the complaint for failure to state a cause of action under the FDCPA and request that the court decline to exercise supplemental jurisdiction over the remaining state law claims. For the reasons set forth below, the Court denies their motion in part and grants it in part.

### *BACKGROUND*

Manlapaz alleges the following relevant facts, which the Court must accept as true for the purpose of addressing this motion. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of*

1

*Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). On February 1, 2008, Unifund sued Manlapaz in state court to collect an alleged credit card debt that it did not own. Unifund attached two documents to its state court complaint.

The first document was titled "Unifund Statement" and appeared to be a bill for the purported debt dated November 15, 2007 and sent by Unifund to Manalapaz. In reality, Unifund created the Unifund Statement for the purpose of attaching it to the state court complaint. Unifund did not send it to Manlapaz prior to litigation.

The second document was an affidavit signed by Kim Kenney, a Unifund employee, in which Kenney swore that she had personal knowledge that the original creditor had issued an account to Sorahaida Manlapaz and that a sum was due and payable on that account. Kenney's knowledge of the purported debt was based on her reading of information on Unifund's computer system consisting entirely of statements by people besides Kenney.

Manlapaz retained counsel to defend the collection lawsuit. The court set a trial date of September 18, 2008. Unifund nonsuited the case before it went to trial. In the instant case, Manlapaz argues that by filing that suit on a debt that it did not own, and by attaching documents that were false or contained false representations, Defendants violated § 1692e of the FDCPA and § 8b the ICAA.

## DISCUSSION

### I. Standard of Review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, ----, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court will construe the complaint liberally, treating well-pleaded allegations as true, and drawing all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc.*, 522 F.3d at 799.

## II. FDCPA claims based on state court litigation

Defendants' primary argument is that Manlapaz cannot state a claim under § 1692e of the FDCPA on the basis of what Defendants characterize as state court procedural deficiencies. Defendants cite to recent case law from this court that stands for the principle that the FDCPA does not govern what must be or what may not be filed in conjunction with a state court complaint. *See Rosales v. Unifund CCR Partners*, No. 08 C 3533, 2008 WL 5156681, *2 (N.D. Ill. Dec. 5, 2008) (dismissing complaint because "the alleged deficiencies in the [affidavits] submitted in the state court proceedings relate to state court pleading requirements rather than the overarching policy concerns behind the FDCPA"); *King v. Resurgence Fin., LLC*, No. 08 C 3306, slip op. at 4 (N.D. Ill. Nov. 3, 2008) (hereinafter "*King I*") (dismissing complaint because claim "relies on state-court pleading deficiencies alone"); *Washington v. North Star Capital Acquisition, LLC*, No. 08 C 2823, 2008 WL 4280139, *2 (N.D. Ill. Sep. 15, 2008) (dismissing complaint because plaintiff "fails to allege the statements contained in [defendant's] state complaint are false, instead, he finds the pleading insufficient under [state law]"). The Seventh Circuit also provided support for this position in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), where the court declined to decide whether the FDCPA controls the contents of state court pleadings, but noted that state procedural rules, not federal law, "determine which facts, and how much detail, must be included in document filed with a

clerk of court for presentation to a judge." *Id.* at 472-73 (citing *Thompson v. Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004). Defendants also cite to dicta in *Olvera v. Blitt & Gaines*, 431 F.3d 285, 287 (7th Cir. 2005), where the court suggested more generally that the FDCPA is not to be used simply as a mechanism for enforcing state law.

However, Manlapaz does not claim that Defendants violated the FDCPA by failing to meet Illinois pleading and procedural requirements. Instead, she claims that the Defendants made false representations during the course of the state litigation. She cites to a number of opinions that hold that false representations made during the course of state litigation can be violations of the FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 299, 115 S. Ct. 1489, 1493, 131, L. Ed. 2d 395 (U.S. 1995) (holding that the FDCPA applies to attorneys' activities, "even when that activity consists of litigation"); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (holding that false allegation of subrogation in state complaint was a violation of § 1692e); *Foster v. Velocity Investments, LLC*, Nos. 07 C 0824 & 07 C 2989, 2007 WL 2461665, *2 (N.D. Ill. Aug. 24, 2007) (denying motion to dismiss complaint based on false representations made in state court filings because "[i]n order to effectuate the intent of the FDCPA, it is reasonable that a document filed in a state court proceeding could be in violation of the FDCPA").

Defendants argue that this case is distinct because it concerns attachments to the state court complaint, rather than substantive allegations made in the complaint itself. This is not entirely true, as one of Manlapaz's claims is based on Defendants bringing a lawsuit on a debt that they did not own, rather than on the attachments. Moreover, Defendants do not provide sufficient argument for why the Court should regard false representations made in attachments used to support allegations differently than false representations made in the allegations

themselves. Thus, the Court accepts the position that false representations made by Defendants during the course of the state court litigation may have violated the FDCPA and must analyze whether Manlapaz has properly pleaded that Defendants made such false representations.

### III. Sufficient allegations of false representations

#### A. The Unifund Statement

Defendants claim that Manlapaz has failed to plead that the Unifund Statement contained any false representations. Manlapaz must allege that Defendants used a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A violation includes, but is not limited to, a "false representation of...the character, amount, or legal status of the debt." *Id.* at § 1692e(2)(A). However, "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA – even if it is false in some technical sense." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645-646 (7th Cir. 2009). In addition, "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 758 (7th Cir. 2009).

Manlapaz alleges that the document was made to look as if it were a bill Defendants mailed to her prior to litigation when in fact it was prepared for the litigation. The Court must accept this allegation as true for the purposes of this motion. Nonetheless, Defendants claim that: (1) the document's misleading appearance is immaterial because all of the information regarding the debt owed is accurate; and (2) the document would not mislead the unsophisticated consumer.

Manlapaz has alleged the Unifund did not own the debt at issue, and thus that the document did not accurately represent all of the information regarding the debt. Moreover, the

document's mere appearance as a bill previously sent to Manlapaz may also qualify as a misrepresentation of the character or legal status of the debt. As Defendants have pointed out in their motion, a debt collector may more easily state a claim in a debt collection lawsuit under an "account stated" theory if the purported debtor has received and failed to object to a statement of the account. *Allied Wire Prods., Inc. v. Marketing Techniques, Inc.*, 99 Ill. App. 3d 29, 39-40, 424 N.E.2d 1288, 1296-97 (Ill. App. Ct. 1981). Thus, by attaching what appeared to be an account statement to their complaint, Defendants may have misrepresented Defendants' ability to seek legal recourse regarding the debt.

Defendants' make the misguided argument that because the issue of an "account stated" theory may be relevant to the decision of this issue, the case is an attempt to use the FDCPA to enforce state law. Manlapaz simply contends that the Unifund Statement falsely represented information in violation of § 1692e. The Court need not determine whether the document was properly attached to the state court complaint or truly supported an account stated theory in order to determine whether any false representations contained therein were material and misleading. The Court finds that statements regarding ownership and legal recourse are material.

Additionally, these misrepresentations may very well have been misleading to the unsophisticated consumer. Defendants only argument to the contrary is that they cannot be misleading because they do not affect the character, amount, or legal status of the debt. However, as discussed above, Ms. Manlapaz has alleged false representations that do affect the character, amount, or legal status of the debt.

Thus, Ms. Manlapaz has sufficiently alleged that Defendants violated § 1692e of the FDCPA by attaching the Unifund Statement to the state court complaint. Defendants' motion is denied as to this claim.

## B. The Kenney Affidavit

Manlapaz also alleges that Defendants violated § 1692e by attaching an affidavit signed by Kim Kenney in which she swore that she had personal knowledge that the original creditor had issued an account to Manlapaz, that the sum was due and payable on that account, and that she was competent to testify to those matters. Manlapaz claims that the affidavit contained false representations because Kim Kenney's knowledge of these purported facts was based entirely on statements by other persons on Unifund's computer system.

The parties engage in argument about whether it is possible for someone to have personal knowledge of information learned through a review of business records. Manlapaz contends that it is not possible, and that Kenney's affidavit therefore contained a false representation. Defendants claim that it is possible, and that Kenney's affidavit was therefore truthful. In both Illinois state courts and federal courts, business records are admissible as an exception to the hearsay rule. *See e.g., Babich v. River Oaks Toyota*, 377 Ill. App. 3d 425, 430, 879 N.E.2d 420, 425 (Ill. App. Ct. 2007); Fed. R. Evid. 803(6). In other words, although the statements contained in business records are not excluded from evidence, they are hearsay. Thus, by definition, someone testifying on the basis of a review of business records does not have personal knowledge of the information in the records. In fact, witnesses called to testify regarding business records are usually called simply to establish a foundation for the admission of the records and to serve as a vehicle for presenting the contents of the records to the jury. This is because the business records exception makes the record admissible, not the testimony of a witness making reference to the record. *Champaign Nat'l Bank v. Babcock*, 273 Ill. App. 3d 292, 298, 652 N.E.2d 848, 853 (Ill. App. Ct. 1995).

Nonetheless, there is a distinct possibility that Kim Kenney would be able to testify to the

contents of the business records in precisely this manner at trial. *Babich*, 879 N.E.2d at 425 (records admitted pursuant to business records exception should be established through testimony of someone familiar with the business and its mode of operation). Manlapaz has not pleaded that the business records were inadmissible or that Kenney is not competent to establish a foundation for the admission of the records. Moreover, business records are often one of the only sources, if not the primary source, for evidence of whether someone owns a debt. Therefore, the falsity of Kenney's statement that she had personal knowledge of facts that she gleaned from a review of business records is a technicality which would not mislead the unsophisticated consumer. As stated above, "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Hahn*, 557 F.3d at 758. In this case, for example, the question of whether Kenney technically had personal knowledge of the facts that she would testify to or not would not likely affect a consumer's reaction to the lawsuit. Thus, the Court grants Defendants' motion to dismiss Manlapaz's claim that attachment of the Kenney affidavit was a violation of the FDCPA because of Kenney's claims of personal knowledge.

### C. Ownership of the debt

Manlapaz also makes the case that Defendants violated the FDCPA by suing her on a debt that they did not own. Defendants argue that this allegation does not amount to a violation of § 1692e of the FDCPA, citing to *King I*, slip op. at 3, and *North Star*, 2008 WL 4280139, at *2. In both cases, the plaintiffs alleged that the defendants violated the FDCPA by bringing debt collection suits in state court without attaching assignments as required by state law. *King I*, slip op. at 3; *North Star*, 2008 WL 4280139, at *2. However, in both cases the court dismissed the claim because of the plaintiffs' reliance on the state procedural requirement of attaching an assignment, rather than on any false statement in the complaint or the underlying fraud of filing a

8

debt collection action without having taken title to the debt. *King I*, slip op. at 3; *North Star*, 2008 WL 4280139, at *2. In fact, the plaintiff in *King I* was later given leave to amend her complaint because her new complaint alleged not only that the defendant did not attach any assignment of the debt, but also that defendant did not own the debt and falsely alleged in its state complaint that it did. *King v. Resurgence Fin., LLC*, No. 08 C 3306, slip. op. at 3 (N.D. Ill. Feb. 9, 2009) (hereinafter "*King II*") (finding this claim analogous to those permitted in *Gearing* and *Jenkins*). This court made a similar ruling in *Matmanivong v. Unifund CCR Partners*, No. 08 C 6415, 2009 WL 1181529, *5 (N.D. Ill. Apr. 28, 2009).

Defendants also argue that Manlapaz waived her right to dispute the motion on this point by failing respond in her brief. However, she distinguished *King I* and *North Star* in both her response brief and in additional citations to authority that the Court allowed. She provided ample argument regarding the issue of bringing claims on the basis of supposed procedural defects. Thus, because the Court agrees with the logic set forth in *King II* and *Matmanivong*, it will therefore deny Defendants' motion with regard to Manlapaz's claim that Defendants violated the FDCPA by suing on a debt they did not own.

## *CONCLUSION*

For the above reasons, the Court DENIES Defendants' motion to dismiss with regard to Plaintiff's claims that they violated the FDCPA by filing a state court complaint on a debt that they did not own and by attaching the Unifund Statement to that complaint. In addition, the Court Denies Defendants' motion to dismiss Plaintiff's state court claims because supplemental jurisdiction is still applicable. The Court GRANTS Defendants' motion to dismiss with prejudice with regard to Plaintiff's claims that they violated the FDCPA by attaching an affidavit to their state court complaint that contained false claims of personal knowledge.

IT IS SO ORDERED.

9/15/09
Dated

Hon. William J. Hibbler
United States District Court